# United States District Court
# Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**   CR 13-00926 SJO |
| **Defendant**   Cal Lowell Marcum | **Social Security No.**  1  0  1  3 |
| akas: | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONT | DAY | YEAR |
|---|---|---|
| May | 23 | 2016 |

**COUNSEL**   John D. Robertson, Rtnd.
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography as charged in Count 1 of the Single-Count Indictment**

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**CONDITION #16 HAS BEEN AMENDED AS ORDERED ON JULY 17, 2016.**

Having considered the sentencing factors enumerated at 18 U.S.C. § 3553(a) including the advisory guideline range of 57 to 71 months based upon an offense level of 25 and a criminal history category of I, the following sentence is imposed.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Cal Lowell Marcum, is hereby committed on Count 1 of the Indictment to the custody of the Bureau of Prisons for a term of 1 day, with credit for his one day served.

Upon release the defendant shall be placed on supervised release for a term of 15 years under the following terms and conditions:

1.   The defendant shall comply with the rules and regulations of the United States Probation Office

and General Order 05-02.

2. The defendant shall not commit any violation of local, state, or federal law or ordinance.

3. The defendant shall participate in a program of home confinement that includes electronic monitoring for a term of six months.

4. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

5. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

6. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

7. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer.

8. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

9. The defendant shall register as a sex offender and keep the registration current in each jurisdiction where he reside, where he is an employee, and where he is a student to the extent that registration procedures have been established and for each of those jurisdictions.  When registering for the first time, the defendant should also register in the jurisdiction in which the conviction occurred, which is the Central District of California.  The defendant shall provide proof of registration to the probation officer within 15 days from today's date.

10. The defendant shall participate in psychological counseling or psychiatric treatment or sex offender treatment program as approved by and directed by the probation officer.  He shall abide by all rules of the program and all rules imposed by the probation officer.

11. The defendant shall not on his own access the services of any commercial mail receiving agency, nor shall he open or maintain a post office box without the prior written approval of the probation officer.

12. The defendant shall not view or possess any materials including pictures, photographs, books, writings, drawings, videos or video games depicting and/or describing child pornography as defined by Title 18 U.S.C. § 2256(8) or sexually explicit conduct as defined by Title 18 U.S.C. § 2256(2).  The conditions do not prohibit defendant from possessing materials solely because they are necessary to and used for collateral attack, nor does it prohibit him from possessing materials prepared and used for the purposes of his Court-mandated sex offender treatment.

13. The defendant shall not affiliate with, own or control, or be employed in any capacity by any business whose principal product is the production or selling materials depicting or describing sexually explicit conduct as defined in Title 18 U.S.C. § 2256(2).

14. The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by any business or any organization that causes him to be regularly in regular contact with persons under the age of 18.

15. The defendant may attend school functions, take his son to playgrounds and youth centers if his son is accompanying him with the approval and consent of the probation officer.

16. The defendant shall not associate or have verbal, written, telephonic or electronic communication with any person under the age of 18, except in the presence of that child's parent or legal guardian and on the condition that the defendant notify the parent or legal guardian of his conviction.  This condition shall not apply to defendant's nephew, Andre Apelacio.  The provision does not encompass persons under the age of 18 such as waiters, cashiers, ticket vendors whom the defendant must interact with in order to obtain ordinary and usual commercial services.

17. The defendant's employment shall be approved by the probation officer.  Any change in employment must be approved by the probation officer, and the defendant shall submit the name and address of any change in employment, the name and address of the employer to the probation officer at least 10 days prior to any scheduled change.

18. The defendant shall posses and use only those computers and computer related devices, user screens password, e-mail account, Internet service providers that have been disclosed to the probation officer upon commencement of supervision.  Any changes are to be disclosed to the probation officer prior to first use.  Computer and computer-related devices include personal computers, personal data assistance, internet appliances, electronic games, cellular phones, digital storage media as well as their peripheral equipment that can access or be modified to access Internet electronic bulletin boards, and other computers.

| USA vs.  **Marcum**, **Cal Lowell** | Docket No.: | CR 13-00926 SJO |

19. All computers and computer-related devices and their equipment used by the defendant shall be subject to search and seizure.  This however does not apply to any of the items used at the employment site which are maintained and monitored by the employer.

20. The defendant shall comply with rules and regulations of the computer monitoring program and shall pay the costs of the computer monitoring program in an amount not to exceed $32 per month.

21. The defendant shall submit his personal property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices and effects to search at any time with or without warrant by any law enforcement or probation officer with reasonable suspicion concerning a violation of conditions of supervised release or unlawful conduct by the defendant and by any probation officer in the lawful discharge of the officer's supervision functions.

22. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court advises the Defendant of his right to appeal.

| | | | |
|---|---|---|---|
| USA vs. | **Marcum**, **Cal Lowell** | Docket No.: | CR 13-00926 SJO |

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| May 24, 2016 | S. James Otero  *(signed)* S. James Otero |
| Date | U. S. District Judge/Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | | |
|---|---|---|
| May 24, 2016 | By | /S/ Jacob Yerke |
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

| | | | |
|---|---|---|---|
| USA vs. | **Marcum**, Cal Lowell | Docket No.: | CR 13-00926 SJO |

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. **Marcum, Cal Lowell** | Docket No.: CR 13-00926 SJO |
|---|---|

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date                    Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date                    Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____

Defendant                    Date

_____

U. S. Probation Officer/Designated Witness                    Date